# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KENNETH HAMIL and LINDA STRATTON-HAMIL,**

    **Plaintiffs,**

v.       Case No: 6:17-cv-2058-Orl-31GJK

**BEHR PROCESS CORP., BEHR PAINT CORP., MASCO CORP., THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.,**

    **Defendants.**

## ORDER

On January 17, 2018, Magistrate Judge Kelly denied the application to appear *pro hac vice* in this case filed by Robert Alpert as counsel for Defendant Home Depot U.S.A., Inc. (Doc. 21). Alpert filed an objection to that Order. (Doc. 25).

The question presented here involves the interpretation of Local Rule 2.02, which permits the special appearance of out-of-state counsel provided such privilege "is not abused by appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida." In support of his objection, Alpert relies on Rule 1-3.10(a)(2) of the Rules Regulating the Florida Bar. However, the Comment to that Rule provides that it "is not applicable to appearances in federal courts in Florida, as appearances before each of those courts are regulated by the rules applicable to those courts." *See* Rule 1-3.10, Rules Regulating the Florida Bar. Moreover, the Rule provides little practical guidance as to what constitutes the regular practice of law in Florida.

Based on data maintained in the Court's CM/ECF system, in the past ten years Alpert has appeared as counsel in 32 separate cases in four of the five divisions of this District. *See* Exhibit 1.[1] There are very few, if any, civil litigators licensed in Florida who have maintained a federal practice of this magnitude. Indeed, applicant's local counsel, Terry Young, who is a well-regarded practitioner of long standing in this court, has appeared in only 8 cases during this period.

Accordingly, the Court finds that applicant is not eligible for *pro hac vice* status because he maintains a regular practice of law in Florida. Judge Kelly's order was not clearly erroneous or contrary to law. It is, therefore

**ORDERED** that applicant's objection is **OVERRULED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 6, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] As noted by Magistrate Judge Klindt in *Webb v Ginn Financial Services*, Case No. 3:09-cv-516 (M.D. Fla. 2009), Alpert has represented the same or related clients in many of these cases. (Doc. 25-1 at 2).